**BARTHEL & BARTHEL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010
*Attorney for Plaintiff*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN GARRISON,** | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **WELLS FARGO BANK, N.A.,** | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. Kevin Garrison ("Plaintiff" or "Mr. Garrison") is a victim of fraud and theft.

2. Unknown perpetrator(s) accessed Plaintiff's checking account with Defendant (the "Account") without his permission or authorization and enrolled the Account in Wells Fargo's Business Online Bill Pay service.

3. The perpetrator(s) then stole approximately $28,290.00 (the "Stolen Funds") from Plaintiff through unauthorized online payments sent to two American Express accounts unknown to Plaintiff.

4. Mr. Garrison promptly and repeatedly disputed the charges with Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo").

5. Despite its obligation under the EFTA to promptly credit Mr. Garrison's account in full, Wells Fargo has refused to credit Mr. Garrison's Account for the stolen funds.

6. Plaintiff brings claims against Wells Fargo for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m.

8. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this District because Defendant resides and is headquartered in this District and a substantial part of the events and occurrences underlying this litigation occurred within this District.

## PARTIES

10. Plaintiff is a natural person and citizen of Arizona residing in Peoria, Arizona.

11. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6). The checking account in question was used for personal, family, or household purposes.

12. Wells Fargo is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

13. Wells Fargo resides and is headquartered in San Francisco.

## FACTS

14. Mr. Garrison is a long-time Wells Fargo customer.

15. On December 12, 2022, Wells Fargo sent an email to Mr. Garrison welcoming him to Wells Fargo Business Online Bill Pay, a service that would allow Plaintiff to pay business and personal bills, as well as manage finances.

16. On December 12, 2022, Wells Fargo sent emails to Mr. Garrison stating that multiple payees have been added to Plaintiff's list of payees in his Bill Pay service.

17. The list of payees included two Wells Fargo accounts with California addresses and two American Express accounts with New Jersey Addresses.

18. On December 13, 2022, Wells Fargo sent an email to Mr. Garrison stating that payments in the amount of $14,890.00 and $13,400.00 were debited from his Account and sent to two American Express accounts.

19. The unauthorized transactions totaled $28,290.00.

20. On December 13, 2022, Mr. Garrison checked his emails and discovered the fraud.

21. Mr. Garrison did not enroll to Wells Fargo's Business Online Bill Pay service.

22. Plaintiff did not add the payees to the service, nor does he know the accounts added as payees.

CASE NO.:         2 OF 10         *Garrison v. Wells Fargo*
COMPLAINT

23. Plaintiff did not make the transactions nor authorized the transactions.

24. Mr. Garrison immediately called Wells Fargo Online Customer Service at 1-800-956-4442 and reported the fraud and theft.

25. While on the phone, Mr. Garrison cancelled the Business Online Bill Pay service.

26. Mr. Garrison also learned that a mobile phone number (339-205-0977), which he did not own or know, was enrolled to his online account as a mobile number for receiving money.

27. Plaintiff then asked the representative to remove the phone number from his account.

28. On December 13, 2022, Wells Fargo sent Mr. Garrison an email stating that his Business Online Bill Pay service had been cancelled.

29. On December 13, 2022, Wells Fargo also sent Mr. Garrison an email stating that the phone number 339-205-0977 has been unenrolled from his account.

30. Wells Fargo sent Plaintiff another email indicating that Wells Fargo will no longer send text messages to 339-205-0977.

31. On or about December 14, 2022, Plaintiff completed an Affidavit of Online Fraud – a form provided by Wells Fargo to Mr. Garrison – and submitted it to Wells Fargo.

32. On or about December 27, 2022, Wells Fargo sent Plaintiff a letter denying his claim stating that "[Wells Fargo's] research shows that the transaction was made through a secure online banking session by [Mr. Garrison] or someone who had [Mr. Garrison's] authority and that no other processing errors occurred."

33. In the same letter, Wells Fargo also indicated that based on the information, Wells Fargo determined the transactions were authorized and that Wells Fargo has closed Mr. Garrison's claim.

34. To date, Wells Fargo has failed to reimburse Plaintiff for the Stolen Funds in the amount of $28,290.00.

## FIRST CLAIM FOR RELIEF

**(Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq*.)**

35. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendant bears the responsibility for unauthorized transfers and withdrawals such as the ones in question.

37. Pursuant to 15 U.S.C. § 1693g(a), "Unauthorized electronic fund transfers; limit" states in relevant part as follows:

> In no event. . . shall a consumer's liability for an unauthorized transfer exceed the lesser of-
>
> (1) $50; or
>
> (2) the amount of money or value of property or services obtained in such, unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected.

38. This cap is increased to $500 dollars where the consumer waits more than two business days after becoming aware of the unauthorized transaction to notify the financial institution. 15 U.S.C. 1693g(a)(2).

//

//

//

39. The rules are elucidated in Regulation E, 12 C.F.R. § 1005.6(b):

> (b) Limitations on amount of liability. A consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers shall be determined as follows:
>
> (1) Timely notice given. If the consumer notifies the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $50 or the amount of unauthorized transfers that occur before notice to the financial institution.
>
> (2) Timely notice not given. If the consumer fails to notify the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $500 or the sum of:
>
> (i) $50 or the amount of unauthorized transfers that occur within the two business days, whichever is less; and
>
> (ii) The amount of unauthorized transfers that occur after the close of two business days and before notice to the institution, provided the institution establishes that these transfers would not have occurred had the consumer notified the institution within that two-day period.

40. Mr. Garrison notified Wells Fargo within two business days of learning of the loss.

41. Pursuant to Regulation E 1005.6, his maximum liability is therefore $50.

42. The EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized. 15 U.S.C. § 1693g(b).

43. Defendant cannot meet its burden of proof here, where Plaintiff:

   a) Promptly disputed the transactions;

   b) Provided a sworn affidavit;

   c) Has no criminal history;

   d) Has no history of filing false disputes; and

   e) The thefts are inconsistent with Plaintiff's pattern of account use.

44. Defendant also violated the EFTA by failing to provide any meaningful explanation of the grounds upon which it relied in denying the Plaintiff's claim. 15 U.S.C. § 1693f(d). *See* CFPB Supervisory Highlights, Issue 22, Summer 2020, Section 2.3.3 ("Financial institutions must go beyond just providing the findings to actually explain or give the reasons for or cause of those findings.").

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including but not limited to past and future monetary loss, past and future mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

46. Defendant did not conduct a good faith investigation regarding the stolen funds.

47. Defendant did not have a reasonable basis for believing the account was not in error based on the evidence Plaintiff provided to Defendant.

48. Specifically, Defendant's conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that his account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of 1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein.

49. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

**(Violation of Business & Professions Code §17200, *et seq*.)**

50. Plaintiff realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

51. Defendant engaged in unfair acts and practices with respect to its services by denying transactions alleged to be unauthorized without first conducting a reasonable inquiry; by denying transactions alleged to be unauthorized despite finding that the transactions were unauthorized; by denying transactions alleged to be unauthorized that it has no legitimate basis to conclude were authorized; by denying requests to reverse unauthorized transactions without notifying the accountholder of the accountholder's right to reproductions of all documents on which it relied in reaching its decision; and by establishing sub-standard security practices and procedures described herein.

52. The acts and practices complained of herein constitute unfair business practices because they are immoral, unethical, oppressive, unscrupulous, unconscionable, substantially injurious to the general public, and offensive to public policy.

53. Defendant's acts and practices were likely to deceive Plaintiff and the public regarding their rights.

54. Defendant failed to completely investigate the fraudulent transactions, denied fraudulent transactions with no legitimate basis for doing so, placed the burden on Plaintiff and the general public to prove the transactions were unauthorized when the law requires the opposite, and failed to inform Plaintiff and the general public of their legal rights.

55. The business acts and practices of Defendant constitute fraudulent business practices because they are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

56. As a direct and proximate result of Defendant's acts and unfair practices, Plaintiff and the public were injured and lost money or property, including but not limited to, the harm suffered as a result of fraudulent transfers made their accounts with Defendant.

57. As a direct and proximate result of the acts and practices described herein, Defendant has received and collected substantial monies or property to which Defendant is not entitled. These illicit profits should be disgorged.

58. Defendant deals uniformly with a large volume of customers who dispute unauthorized charges.

59. Defendant's misconduct as set forth above is part of uniform policy and practice, as reflected in its standardized, boilerplate form communications.

60. Each of Defendant's deceptive acts and practices set forth above therefore have a broad impact on consumers.

61. The harm these practices caused to Plaintiff and the general public outweigh their utility, if any.

62. Plaintiff is entitled under the UCL to enjoin these acts and practices and to obtain restitution of all funds obtained by Defendant by reason of and through the use of these unlawful and fraudulent acts and practices.

63. Pursuant to the UCL, Plaintiff, individually and on behalf of all members of the general public who are, have been, or may be subjected to Defendant's unlawful and fraudulent business acts and practices are entitled to declaratory and preliminary and permanent injunctive relief prohibiting such practices in the future, and other orders as may be necessary to restore to any

person in interest, any money or property, real or personal, which Defendant acquired by means of such unlawful, unfair and fraudulent business practices.

64. The unlawful, unfair, and fraudulent business acts and practices of Defendant described herein present a continuing threat to Plaintiff and the public in that Defendant is currently engaging in such acts and practices and will persist and continue to do so unless and until an injunction is issued by this Court.

65. In addition, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action under California Code of Civil Procedure §1021.5.

**WHEREFORE,** Plaintiff seeks judgment in his favor and damages against Defendant:

A. An award of actual damages, including but not limited to the amount of the unauthorized charges (and all associated interest, fees and costs), and emotional distress;

B. An award of statutory damages;

C. An award of punitive damages;

D. An award of treble damages;

E. An order of restitution;

F. Pre-judgment interest;

G. Attorneys' fees, costs, and expenses;

H. An order finding and declaring that Defendant's acts and practices as challenged herein are unlawful, unfair, and fraudulent;

I. Injunctive relief pursuant to California Business and Professions Code §17203, prohibiting Defendant from continuing its unlawful conduct, including but not limited to prohibiting Defendant from (a) denying an unauthorized transaction dispute without first conducting a reasonable inquiry into the allegedly unauthorized transaction and reasonably

|   |   |   |
|---|---|---|
| 1 | | finding that the transaction was authorized; and (b) denying any |
| 2 | | request to reverse allegedly unauthorized transactions without |
| 3 | | notifying the accountholder of the accountholder's right to |
| 4 | | reproductions of all documents on which Defendant relied in reaching |
| 5 | | its decision. |
| 6 | J. | For such other and further relief as the Court may deem just and |
| 7 | | proper. |

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated:	March 13, 2023

                                                BARTHEL & BARTHEL, APC

                                                By: */s/Nicholas Barthel*
                                                Nicholas Barthel, Esq.

                                                SCHLANGER LAW GROUP LLP
                                                Daniel A. Schlanger
                                                dschlanger@consumerprotection.net
                                                Cooper Ellenberg
                                                hellenberg@consumerprotection.net
                                                *Pro Hac Vice Forthcoming*
                                                80 Broad Street, Suite 1301
                                                New York, NY 10004
                                                T: (212) 500-6114
                                                F: (646) 612-7996

                                                *Counsel for Plaintiff*